**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**


Civil Case No. 1:25-cv-00274-CYC-RMR


Al.C., A.P., An.A., An.D., Ari.R., Arn.R., A.V.,
C.V., E.M., Ed.T., E.D.L., E.L., Er.T., F.S., F.T.,
F.B., G.D.L., G.O., H.V., J.N.B., J.F., J.A., J.C.,
J.P., L.G., P.C., Ra.L., Ra.V., R.B., R.B.E.,
Re.C., Ri.C., R.F., Rog.B., Rom.B., R.E., R.N.,
R.T., T.L., and V.M.,

     Plaintiffs,

v.


JACOBS SOLUTIONS INC.,
JACOBS ENGINEERING GROUP INC.,
CH2M HILL COMPANIES, LTD.,
CH2M HILL INTERNATIONAL, LTD.,
CH2M HILL INTERNATIONAL B.V.,

     Defendants.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Cyrus Y. Chung, ECF No. 52, entered February 17, 2026, addressing Defendants' Motion to Dismiss Plaintiffs' Complaint (the "Motion to Dismiss"), ECF No. 27. On March 3, 2026, Defendants filed a timely Objection, ECF No. 53. On March 23, 2026, Plaintiffs filed an untimely Response to Defendants' Objection. ECF No. 55. *See* Fed. R. of Civ. P. 72(a)(2) ("A party may respond to another party's objections within 14

1

days after being served with a copy."). The Court struck Plaintiffs' untimely Response for failure to comply with Fed. R. of Civ. P. 72(a)(2). ECF No. 56. Magistrate Judge Chung recommends that the Motion to Dismiss be granted in part and denied in part. For the reasons stated below, the Court **SUSTAINS in PART** and **OVERRULES in PART** Defendants' Objection and **ADOPTS in PART** and **REJECTS in PART** the Recommendation.

## I.    BACKGROUND

This case involves violations of the Trafficking Victims Protection Reauthorization Act (the "TVPRA"). Plaintiffs are migrant workers who were employed to construct stadiums and other projects for the 2022 FIFA World Cup in Qatar. Defendants were hired to manage the construction projects. Defendants did not directly employ Plaintiffs. Plaintiffs were employed by Qatari contractors hired to perform the actual construction work. Plaintiffs allege that they were trafficked to Qatar and were forced to work under inhumane conditions. Plaintiffs allege Defendants participated in and benefited from the venture in violation of the TVPRA.

There are three related cases currently pending in the District of Colorado:

- The first case, ***F.C. v. Jacobs Sols. Inc.***, **No. 23-cv-02660-RMR-CYC,** was filed on October 12, 2023. On January 4, 2024, all the parties consented to the jurisdiction of the magistrate judge, who at the time was Magistrate Judge Michael E. Hegarty. On January 6, 2025, the case was reassigned to Magistrate Judge Chung. On June 26, 2025, Magistrate Judge Chung issued a 46-page order granting in part and denying in part

the defendants' motion to dismiss. *F.C. v. Jacobs Sols. Inc.*, 790 F. Supp. 3d 1158 (D. Colo. 2025). On October 8, 2025, the case was transferred to the undersigned.

- This case, the second case, ***C. et al v. Jacobs Solutions Inc. et al*, No. 25-cv-000274-RMR-CYC**, was filed on January 27, 2025. ECF No. 1. On August 15, 2025, after Magistrate Judge Chung entered his order on the motion to dismiss in 23-cv-02660-RMR-CYC, this case was transferred to Magistrate Judge Chung. ECF No. 25. That same day, the parties filed their election not to consent to the jurisdiction of the magistrate judge. ECF No. 28.

- The third case, ***B. et al v. Jacobs Solutions Inc. et al*, No. 25-cv-03067-RMR-CYC**, was filed on September 30, 2025. On October 8, 2025, it was transferred to the undersigned and Magistrate Judge Chung. There is a pending motion to dismiss in that case.

Magistrate Judge Chung relied on his analysis in *F.C.*, 790 F. Supp. 3d at 1158 in making his Recommendation to grant in part and deny in part the Motion to Dismiss in this case because, as Magistrate Judge Chung noted, the allegations are nearly identical, the claims are the same, the counsel representing the parties are the same, and the arguments for the Motion to Dismiss are repeated. ECF No. 52 at 1-2.

## II.    LEGAL STANDARD

This Court is required to make a de novo determination of the magistrate judge's recommendation to which a specific objection has been made, and it may accept, reject,

or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

### III.    ANALYSIS

Defendants raise four objections. The Court will address each as they are addressed in the Objection.

### A.    Standing

First, Defendants argue that the Recommendation does not address their argument that Plaintiffs lack Article III standing because "their alleged injuries are not fairly traceable to the Defendant's conduct." ECF No. 53 at 2. Defendants argue that "Plaintiffs' injuries were caused by independent third parties" and would have occurred whether Defendants were present or not. *Id.* at 2-3. Defendants further argue that Magistrate Judge Chung's reliance on his analysis of standing in *F.C.*, 790 F. Supp. 3d at 1171-74 is insufficient because the Court has an obligation to ensure that each Plaintiff has standing as to each Defendant. Finally, Defendants object to the court's reliance on *Doe 1 v. Apple Inc.*, 96 F.4th 403, 411 (D.C. Cir. 2024), which held that section 1595 of

the TVPRA satisfies the constitutional minimum when it comes to causation because it "mirrors the aiding and abetting liability long established at common law."

The Court finds that Magistrate Judge Chung stated the correct law for Article III standing, the party invoking federal jurisdiction bears the burden of establishing that he "1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *F.C.*, 790 F. Supp. 3d at 1172 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). The only prong contested here is the fairly traceable prong, or, in other words, causation. In *Doe 1*, the D.C. Circuit held that "[l]ike aiding and abetting liability," the vicarious liability provision of the TVPRA "requires (1) a wrongful act that causes an injury, specifically forced labor; (2) knowledge, as the defendant must knowingly benefit; and (3) substantial assistance, namely participation in the venture." 96 F.4th at 411. Defendants raise the same argument they raised in *F.C.*, that aiding and abetting requires intent. ECF No. 53 at 3. Defendants argue that venture participation is not the same as intentionally aiding and abetting forced labor. *Id.*

The Court agrees with Magistrate Judge Chung and the D.C. Circuit that to demonstrate causation at the pleading stage, all Plaintiffs have to do is allege Defendants' participation in a venture that committed labor violations. Plaintiffs allege that Defendants "participated in the World Cup Construction Venture" by "sign[ing] a contract to oversee and manage construction of all the facilities and infrastructure for the World Cup" and that "venture partners" of the defendants "forced" the plaintiffs "to work in extreme and dangerous conditions . . . and for lengths of time they otherwise would

not have" by "l[ying] to Plaintiffs" and "caus[ing] Plaintiffs to agree to go to Qatar and be lured into conditions of forced labor." ECF No. 1 ¶¶ 192-97. Thus, the Court agrees, the Plaintiffs have "alleged, the defendants participated in the venture, the venture harmed the plaintiffs by forcing their labor in violation of the TVPRA and, thus, the harm is fairly traceable to the defendants." *F.C.*, 790 F. Supp. 3d at 1174.

The Court also notes that in *A.A. v. Omnicom Grp., Inc.*, No. 25-CV-3389 (JMF), 2026 WL 504904, at *17 (S.D.N.Y. Feb. 24, 2026), the district court found that the plaintiffs, 106 Filipino construction workers, who were allegedly brought to Qatar and forced to work on construction projects for the 2022 FIFA World Cup, satisfied the requirements for Article III. There, the plaintiffs allege TVPRA claims against five public relations and lobbying firms based on the firms' work on behalf of the Qatari government and related entities by covering up or minimizing the terrible working conditions. *Id.* at *1. Arguably, the public relations firms' conduct would be more attenuated than that of the Defendants, who were hired to manage the construction projects. Defendants' first objection is **OVERRULED**.

## B.    Extraterritoriality

Second, Defendants object to Magistrate Judge Chung's finding that section 1595 of the TPVA applies extraterritorially. The Court addressed this issue in *F.C. v. Jacobs Sols. Inc.*, No. 23-CV-02660-RMR-CYC, 2026 WL 787993, at *1 (D. Colo. Mar. 20, 2026) when it declined Defendants' request for an interlocutory appeal pursuant to 28 U.S.C. § 1292(B) to challenge the Court's finding that the private right of action applies extraterritorially. For the reasons stated therein, the Court **OVERRULES** Defendants'

objection.

### C.    Failure to State a Claim

Third, Defendants argue that Magistrate Judge Chung erred in finding that the Plaintiffs in this Complaint, ECF No. 1, stated a §1589(b) claim, ECF No. 53 at 6. The Defendants do not argue that Magistrate Judge Chung used the wrong legal standard. To state a claim under 18 U.S.C. § 1595(a) for a violation of 18 U.S.C. § 1589(b) the plaintiffs must plausibly allege that (1) the defendants "participated in a venture"; (2) the defendants "knowingly benefitted from the venture"; (3) "the venture has engaged in the providing or obtaining of labor or services in violation of the" TVPRA; and (4) the defendants "knew or recklessly disregarded the fact that the venture has engaged in the providing or obtaining of such labor or services." *F.C.*, 790 F. Supp. 3d 1158 at 1186 (quoting *Gilbert v. U.S. Olympic Comm.*, No. 18-cv-00981-CMA-MEH, 2019 WL 1058194, at *12 (D. Colo. Mar. 6, 2019), *recommendation adopted in part and rejected in part*, 423 F. Supp. 3d 1112 (D. Colo. 2019)). And that Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 1185.

### 1.    Plausibly Allege

Defendants do raise a good point. Defendants argue that Magistrate Judge Chung's Recommendation failed to address whether "[these] particular plaintiff[s] [have] a reasonable likelihood of mustering factual support for *these* claims" when he "import[ed] his] *F.C.* findings wholesale." ECF No. 153 at 7 (citing *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original)). The Court

does find that the "single paragraph" for each plaintiff is sufficient to plead individual allegations. The concern the Court has is that in *F.C.*, one of the contractors, AL Jaber Engineering, employed "roughly half of the plaintiffs." 790 F. Supp. 3d 1158 at 1186. The Amended Complaint in *F.C.* specifically discussed the relationship between Defendant Jacobs Engineering, the Qatari Supreme Committee, and AL Jaber Engineering. *Id.* at 1171 ("With respect to the Al Thumama Stadium, for example, the Supreme Committee awarded the contract to Al Jaber Engineering, employer to some twenty-five of the plaintiffs. Jacobs Engineering employees worked there to ensure that Al Jaber Engineering carried out its contractual obligations, to monitor the safety of the site, and to advise on corrective labor supply-chain actions." (internal citations omitted)). The rest of the plaintiffs in *F.C.* worked for Midmac Company ("Midmac"), identified as one of the contractors alleged to be a participant in the "World Cup Construction Venture" *F.C. v. Jacobs* Sols. Inc., No. 23-cv-02660-RMR-CYC at ECF No. 52 ¶ 34 (D. Colo. Mar. 18, 2024) (the "*F.C.* Complaint").

Here, AL Jaber is alleged to have employed only a third of the named plaintiffs. ECF No. 1 ¶ 61(b). The rest of the named plaintiffs are employed by Midmac or Habtoor Leighton Group ("Habtoor"). *See, e.g.*, *id.* ¶¶ 149-50. Nearly half of the named plaintiffs were employed by Habtoor *Id.* ¶¶ 149, 154, 155, 156, 158, 160, 166-68, 170, 173-77, 179, 183-86. Several of those who worked for Habtoor allege they worked "on the construction of the road leading to Al Wakrah Stadium." *Id.* ¶¶ 149, 156, 158, 160, 173-75, 177, 179. The problem is that Habtoor is not listed as one of the "participants in the World Cup Construction Venture" in the Complaint. *Id.* ¶ 34. Plaintiffs allege that their list

8

of participants is not all-inclusive. *Id.* Even though plaintiffs allege that "Defendants participated" and "knowingly benefitted" from the "construction of the road infrastructure leading to the Al Wakrah Stadium," *see, e.g.*, *id.* ¶ 149. There is no factual basis in the Complaint connecting Jacobs Engineering to Habtoor or the road construction project, unless the road construction project falls under the umbrella of "all the facilities and infrastructure for the World Cup, including but not limited to Al Thumama Stadium, Al Wakrah Stadium, Khalifa Stadium, Al Rayyan Stadium, and Lusail Stadium" that "Defendants signed a contract to oversee and manage construction of." *Id.* ¶ 197. Without more, the Court is not convinced that Plaintiffs An.A.(¶ 149), E.M.(¶ 155), Ed.T. (¶ 156), E.L. (¶ 158), F.S. (¶ 160), J.N.B. (¶ 166), J.F. (¶ 167), J.A. (¶ 168), J.P. (¶ 170), Ra. L. (¶ 173), Ra.V. (¶ 175), R.B. (¶ 175), R.B.E. (¶ 176), Re.C. (¶ 177), R.F. (¶ 179), R.N. (¶ 183), R.T. (¶ 184), T.L. (¶ 185), V.M. (¶ 186) have plausibly alleged a §1589(b) claim against Defendants.

### 2.    Participation

Next, Defendants argue that Magistrate Judge Chung erred in finding that participation in a venture does not require "assisting or facilitating the perpetrator" in the underlying TVPRA violation and only requires providing "particularized services" to a venture. ECF No. 53 at 8. Further, Defendants argue that the particularized services must be "interwoven with, or enabling of," the underlying TVPRA violation, and that here, their particularized services were directed at the Supreme Committee, not the traffickers themselves. *Id.*

The Court does not find Defendant's arguments persuasive. The Court agrees

9

with Magistrate Judge Chung's synthesis of the law and agrees that to plausibly allege Defendants' participation, Plaintiffs must allege something between an "overt act" of trafficking and an "arms-length transaction," *i.e.*, purchasing something from a TPVA violator. *F.C.*, 790 F. Supp. 3d 1158 at 1187-88. Here, Defendants engaged in more than an arms-length transaction. The Court agrees with Magistrate Judge Chung's analysis that Defendants' contracted specialized services, such as "site inspections to monitor compliance with health and safety guidelines at locations operated by the plaintiffs' employers[, including living sites] to construct World Cup stadiums," were "customized" "enough to demonstrate a volitional act of association with the venture." *Id.* at 1188-90. It does not matter if the specialized services were directed at the Special Committee and not the contractors, the alleged perpetrators of the forced labor, because the Special Committee was also part of the venture "aimed at ensuring that the stadiums and associated infrastructure were built on time and under budget for the World Cup." *A.A.*, 2026 WL 504904, at *11 (conclude[ing] that Plaintiffs plausibly allege that all [the public relations defendants] save one ([the parent company]) engaged in the type of active, ongoing support [to the Supreme Committee] that was tailored to the needs of the venture that courts have held can support liability under Section 1595" (cleaned up)).[1]

---

[1] Defendants cite to *A.A.* for the proposition that the district court in *A.A.* dismissed the parent company because it "did not itself provide active and tailored support to the venture." ECF No. 53 at 9. Here, Magistrate Judge Chung recommends that the Court dismiss the parent company, Jacobs Solutions Inc., due to a lack of personal jurisdiction. ECF No. 52 at 8. But if it were not for a lack of personal jurisdiction, the Court may have found a lack of participation for the parent company, too. The district court in *A.A.* did find that the other entities participated in the venture when their specialized services, using media to "refute accusations of labor abuses of migrant workers for the World Cup," were directed at the Special Committee. *A.A. v. Omnicom Grp., Inc.*, No. 25-CV-3389 (JMF), 2026 WL 504904, at *11 (S.D.N.Y. Feb. 24, 2026).

10

### 3. Knowledge

Next, Plaintiffs object to Magistrate Judge Chung's finding that the Defendants had the requisite knowledge. Defendants argue that "general knowledge" from "generalized public reporting" is insufficient and that the Complaint fails to allege that "Defendants had the requisite knowledge as to these particular Plaintiffs" and cites to cases for support. ECF No. 53 at 9 (citing *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1177 (9th Cir. 2022); *Lundstrom v. Choice Hotels Int'l, Inc.*, 2021 WL 5579117, at *8 (D. Colo. Nov. 30, 2021)).

"Plaintiffs must allege that each Defendant "knew or should have known" — i.e., had actual or constructive knowledge — that the venture engaged in one or more of the criminal acts proscribed by the TVPRA." *A.A.*, 2026 WL 504904, at *13 (citing 18 U.S.C. § 1595(a)). Magistrate Judge Chung addresses the decision in *Ratha* head-on in his order in *F.C.*, 790 F. Supp. 3d at 1193-94, and the Court agrees with his analysis. The Court will also note that the procedural posture of *Ratha* was a motion for summary judgment. Here, discovery may produce additional evidence of Defendants' knowledge. The Court finds the facts in *Lunstrom* distinguishable. There, the Honorable Philip A. Brimmer, held that the plaintiff failed to "plausibly establishe[] that hotel staff were aware that she was being sold for sex against her will," in part, because she came and went from her hotel room and her trafficker was never present at the hotel to escort her, or confine her, to the hotel room. *Lundstrom*, 2021 WL 5579117, at *7. Here, Plaintiffs have plausibly alleged that Defendants should have had more than a general knowledge of abuses occurring at the very work and living sites they had a contractual duty to conduct,

11

and supposedly did conduct, inspections of.

### 4.     Knowing Benefit

Defendants fault Magistrate Judge Chung for declining to follow the close connection test in *Gilbert v. USA Taekwondo, Inc.,* 2020 WL2800748, at *6 (D. Colo. May 29, 2020), requiring "a close connection between the benefit received, the knowledge of the benefit, and the improper conduct" and instead following, *G.G. v. Salesforce.com, Inc., 76 F.4th 544, 564 (7th Cir. 2023).* ECF No. 53 at 10. In *G.G.*, the Seventh Circuit rejected the defendant's assertion that the "knowingly benefits element requires (1) a causal relationship' between the defendant's affirmative conduct furthering the sex-trafficking venture and receipt of a benefit, and (2) "that the defendant received the benefits with knowledge of that causal relationship." 76 F.4th at 564 (internal quotation marks omitted).

First, the Court notes that *Gilbert* is a Magistrate Judge's recommendation that was never adopted because it was determined to be moot after a request to stay the case pending binding arbitration. *Gilbert v. USA Taekwondo, Inc.*, 18-cv-00981-CMA-MEH at ECF No. 347 (D. Colo. Sep. 16, 2020). No court has relied on *Gilbert's* casual connection test. The Court finds the Seventh Circuit's decision in *G.G.* more persuasive. But even if the Court were to apply the causal connection test Plaintiffs would satisfy the requirement because, as the court in *A.A.* noted: "it is reasonable to infer that Defendants knew they were being paid, at least in part, *because* their efforts ensured cheap and consistent labor to build World Cup stadiums and infrastructure." 2026 WL 504904, at *13 (emphasis in the original)

The Court **SUSTAINS in PART** and **OVERRULES in PART**, the Defendants' objection to Magistrate Judge Chung's finding that Plaintiffs plausibly allege a § 1589(b) claim. The Court finds that Plaintiffs have plausibly alleged the elements of participation in a venture, knowledge or reckless disregard of a TPVA violation by the venture, and knowingly benefiting from the venture for all the named Plaintiffs, except for those who worked for Habtoor because Plaintiffs have not plausibly alleged that Habtoor is part of the venture with Defendants. Plaintiffs An.A.(¶ 149), E.M.(¶ 155), Ed.T. (¶ 156), E.L. (¶ 158), F.S. (¶ 160), J.N.B. (¶ 166), J.F. (¶ 167), J.A. (¶ 168), J.P. (¶ 170), Ra. L. (¶ 173), Ra.V. (¶ 175), R.B. (¶ 175), R.B.E. (¶ 176), Re.C. (¶ 177), R.F. (¶ 179), R.N. (¶ 183), R.T. (¶ 184), T.L. (¶ 185), V.M. (¶ 186)'s § 1589(a) claims against Defendants are **DISMISSED without prejudice.**

### D.    Restitution

Finally, Defendants object to Magistrate Judge Chung's finding that restitution is available in civil TVPRA cases. ECF No. 53 at 11. Defendants fail to cite one case where the court concluded that restitution is not available in civil actions. "[E]very other court that has considered the issue [has] conclude[ed] that restitution is available in civil actions under the TVPRA." *A.A.*, 2026 WL 504904, at *21 (listing cases). Defendants have not provided the Court a good reason to go against the majority. Thus, the Court **OVERRULES** Defendants' objection.

### IV.    CONCLUSION

For the reasons set forth above, and in the Recommendation, it is **ORDERED** as follows:

1. Defendants' Objection to Recommendation of Magistrate Judge, ECF No. 53, is **SUSTAINED in PART** and **OVERRULED in PART**;

2. The Recommendation of the United States Magistrate Judge, ECF No. 52 is **ACCEPTED and ADOPTED in PART** and **REJECTED in PART**;

3. Defendant's Motion to Dismiss Plaintiffs' Complaint, ECF No. 27, is **GRANTED in PART** and **DENIED in PART**;

4. Defendants Jacobs Solutions Inc. and CH2M Hill International B.V. are **DISMISSED** from this action **without prejudice** for lack of personal jurisdiction;

5. Count 1 is **DISMISSED without prejudice** insofar as it is predicated upon a violation of 18 U.S.C. § 1590;

6. Plaintiffs An.A.(¶ 149), E.M.(¶ 155), Ed.T. (¶ 156), E.L. (¶ 158), F.S. (¶ 160), J.N.B. (¶ 166), J.F. (¶ 167), J.A. (¶ 168), J.P. (¶ 170), Ra. L. (¶ 173), Ra.V. (¶ 175), R.B. (¶ 175), R.B.E. (¶ 176), Re.C. (¶ 177), R.F. (¶ 179), R.N. (¶ 183), R.T. (¶ 184), T.L. (¶ 185), V.M. (¶ 186)'s § 1589(a) claims against Defendants are **DISMISSED without prejudice;**

7. The claims of the remaining Plaintiffs against Defendants Jacobs Engineering Group Inc., CH2M Hill Companies, Ltd., and C2M Hill International, Ltd. Rremain.

DATED: March 30, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge

15