**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

AL.C., A.P., AN.A., AN.D., ARI.R., ARN.R., A.V., C.V., E.M., ED.T., E.D.L., F.S., F.T., F.B., G.D.L., G.O., H.V., J.N.B., J.F., J.A., J.C., J.P., L.G., P.C., RA.L., RA.V., R.B., R.B.E., RE.C., RI.C., R.F., ROG.B., ROM.B., R.E., R.N., R.T., T.L., and V.M.,

Plaintiffs,

v.

JACOBS ENGINEERING GROUP INC., CH2M HILL COMPANIES, LTD., and CH2M HILL INTERNATIONAL, LTD.,

Defendants.

Case No. 1:25-cv-00274-RMR-CYC

**DEFENDANTS' RULE 41(b) MOTION TO DISMISS *PRO SE* PLAINTIFFS' CLAIMS**

Habib Nasrullah
Frederick R. Yarger
Danyaal Waheed
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street
Suite 4500
Denver, CO 80202-5647
303-244-1800

Maura Kathleen Monaghan
Mark W. Friedman
William H. Taft V
James P. Schaefer
Justin R. Rassi
Lisa Wang Lachowicz
Ardis Strong
Alessandra G. Masciandaro
Andrew H. Rikard
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
212-909-6000

*Attorneys for Defendants*

Defendants Jacobs Engineering Group Inc., CH2M Hill Companies, Ltd., and CH2M Hill International, Ltd. (collectively, "**Defendants**"), by and through their undersigned counsel, hereby move under Federal Rule of Civil Procedure 41(b) to dismiss Plaintiffs A.P., F.S., F.T., G.D.L., R.B.E., R.N., Ri.C., and Rom.B.'s (collectively, "**Pro Se Plaintiffs**") claims with prejudice.

## CERTIFICATE OF CONFERRAL

Pursuant to District of Colorado Local Civil Rule 7.1, Defendants conferred with the represented Plaintiffs' counsel and the represented Plaintiffs take no position on this Motion. Defendants contacted Pro Se Plaintiffs but received no response reflecting their position on this Motion.

## BACKGROUND

The Court should dismiss Pro Se Plaintiffs' claims with prejudice for failure to prosecute their claims, failure to comply with the Federal Rules of Civil Procedure, and failure to comply with this Court's order of August 26, 2026.

Plaintiffs commenced this action on January 27, 2025. Dkt. 1. Pro Se Plaintiffs were represented by counsel from Olson Grimsley Kawanabe Hinchcliff & Murray LLC and Sparacino PLLC. Dkt. 1, at 103; Dkts. 3, 5, 7, 8, 10, 30, & 31. Following the Court's dismissal of 19 Habtoor Leighton Group Plaintiffs' claims, Dkts. 57–58, Plaintiffs were given leave to file an amended complaint, which they did on April 20, 2026, Dkts. 66–67. Defendants moved to dismiss Plaintiffs' First Amended Complaint, which has been fully briefed. Dkt. 70; Dkt. 75; Dkt. 81.

On March 25, 2026, Defendants served their First Set of Requests for Production ("**RFPs**") and First Set of Interrogatories ("**Interrogatories**") on all Plaintiffs. Movants' Appx. pp. 1–4 – Defs.' Ex. 1, Declaration of Justin R. Rassi ("**Rassi Decl.**"), ¶ 3. Pro Se Plaintiffs remained represented by counsel at that time. Responses to Defendants' RFPs and Interrogatories were due 30 days later on April 24, 2026. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Pro Se Plaintiffs' former counsel requested extensions to the deadline for their Interrogatory responses in each of April, May, June, and July. Rassi Decl., ¶¶ 3–7. Defendants agreed to extend the deadline for a substantial majority of the responses to July 12. *Id.* ¶ 6. On July 16, Plaintiffs' counsel represented that they expected most Plaintiffs to complete their responses by July 31, 128 days after Defendants served the Interrogatories. *Id.* ¶ 7. As of this Motion, Pro Se Plaintiffs have not produced any documents in response to any RFPs or answered any Interrogatories. *Id.* ¶ 14.

On August 17, 2026, counsel moved to withdraw from representing the Pro Se Plaintiffs and Plaintiff Er.T. in this action as they had lost contact with them. Dkt. 96. Counsel represented that Pro Se Plaintiffs and Er.T. had "failed to substantially to [sic] fulfill obligations to Counsel regarding Counsel's services," "have been given reasonable warnings that Counsel will withdraw if the obligation was left unfulfilled," and that counsel had been "unable to obtain information from Plaintiffs A.P., Er.T., F.S., F.T., G.D.L., R.B.E., R.N., Ri.C., and Rom.B that is necessary for counsel's representation of these Plaintiffs." *Id.* at 2–3.

On August 21, 2026, Plaintiffs' counsel filed a stipulation of dismissal for Plaintiff Er.T. Dkt. 100. On September 10, 2026, the Court granted that motion and dismissed Er.T.'s claims with prejudice. Dkt. 110.

On August 26, 2026, the Court granted counsel's motion to withdraw, ordered counsel to file all current contact information for Pro Se Plaintiffs, and ordered that "Plaintiffs A.P., Er.T., F.S., F.T., G.D.L., R.B.E., R.N., Ri.C., and Rom.B., are personally responsible for complying with all Court orders and time limitations established by applicable statutes and rules." Dkt. 106. On August 26, 2026, the Court stayed discovery. Dkt. 105.

On September 4, 2026, Defendants' counsel sent letters via email—in both English and Filipino—to each Pro Se Plaintiff notifying them that their responses to Defendants' RFPs and Interrogatories were overdue and that Defendants would require a response by no later than September 11, 2026. Rassi Decl., ¶ 11. Defendants reminded Pro Se Plaintiffs of the Court's order that they "are personally responsible for complying with all Court orders and time limitations established by applicable statutes and rules." *Id.* Defendants also advised Pro Se Plaintiffs that if they failed to respond, Defendants would move to dismiss their claims with prejudice. *Id*.

In response, Defendants received two emails. *First*, Defendants received an automatic reply from Plaintiff F.S.'s email address stating that the email was undeliverable. Rassi Decl., ¶ 12. Defendants pivoted and sent hard copies of the letters and discovery requests via Federal Express to Plaintiff F.S. the same day. *Id*. ¶ 12. *Second*, on September 4, F.T. responded via email stating, "Good morning po mam

pasenya na po maging busy Ing po ako nong nakaraan Tao," which translates to, "Good morning, ma'am, sorry, I've just been busy this past year." *Id.* ¶ 13. Defendants' counsel responded, clarified that they are not F.T.'s attorney, explained whom they represent, advised F.T. to review the September 4 letters with his attorney, if he has one, and requested a response by September 11. *Id.* ¶ 13. As of this Motion, Defendants have not received any other response to their letters. *Id.* ¶ 14.

As foreshadowed in their letters to Pro Se Plaintiffs, Defendants now move to dismiss Pro Se Plaintiffs' claims with prejudice under Rule 41(b).[1]

## LEGAL STANDARD

The Court can dismiss an "action or any claim against" a defendant with prejudice if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The Court should consider five factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick*, 40 F.3d 337, 340–41 (10th Cir. 1994) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). Those factors "do not constitute a rigid test," and the Court need not give each factor equal weight. *Ehrenhaus*, 965 F.2d at 921–22.

[1] Plaintiffs F.S., R.B.E., and R.N.'s claims are also separately subject to Defendants' pending Motion to Dismiss Plaintiffs' First Amended Complaint under Rule 12(b). Dkt. 70. The present Rule 41(b) Motion is in addition to, not in lieu of, Defendants' Rule 12(b) Motion.

## ARGUMENT

Dismissal with prejudice is warranted. Pro Se Plaintiffs have stopped prosecuting their claims. They failed to comply with Rules 33(b)(2) and 34(b)(2)(A) of the Federal Rules of Civil Procedure by allowing their discovery obligations to remain unsatisfied even after receiving multiple extensions. They also separately failed to comply with the Court's order making them personally responsible for compliance with Rules 33(b)(2) and 34(b)(2)(A). Dkt. 106. Their former counsel could not reach them. Defendants then contacted them, in two languages, and warned that continued noncompliance would result in a motion to dismiss with prejudice. None provided the discovery sought.

***First***, the first three *Ehrenhaus* factors strongly favor dismissal. Pro Se Plaintiffs' conduct has prejudiced Defendants, interfered with the judicial process, and is solely attributable to Pro Se Plaintiffs themselves. Defendants have incurred significant expense defending against forced labor allegations, including by filing two motions to dismiss, all while receiving no discovery from Pro Se Plaintiffs. Pro Se Plaintiffs' noncompliance has deprived Defendants of the opportunity to investigate the factual basis for their claims. Pro Se Plaintiffs should not be permitted to maintain claims they have taken no steps to prosecute. And the Court should not be required to carry dormant claims on its docket while the Pro Se Plaintiffs asserting them remain unresponsive.

Pro Se Plaintiffs are entirely culpable for their noncompliance. Whatever responsibility may have rested with former counsel when the discovery responses first became overdue, Pro Se Plaintiffs are now "personally responsible" for complying with applicable rules and Court orders. Dkt. 106. The Court expressly advised them of that

responsibility after permitting counsel to withdraw. *Id.* Defendants then contacted each Pro Se Plaintiff directly in two languages using their current contact information, identified the overdue discovery, provided an additional opportunity to cure, and advised that continued nonresponse would result in a motion to dismiss. Rassi Decl., ¶ 11. None provided the discovery sought. *Id.* ¶ 14. Pro Se Plaintiffs' continued failure to prosecute their claims is attributable only to them.

***Second***, the judicial warning factor does not outweigh the others. Consistent with *Ehrenhaus*, Defendants expressly warned Pro Se Plaintiffs that continued nonresponse would result in a motion to dismiss with prejudice. *Id.* ¶ 11. They ignored that warning. There is no reason to expect the same warning from the Court will produce a different result. The Pro Se Plaintiffs' former counsel tried for months to reach them before withdrawing. Dkt. 96, at 2–3. Given their continued silence, the absence of an express judicial warning should not outweigh the other *Ehrenhaus* factors.[2]

***Finally***, lesser sanctions are unlikely to be effective. Monetary sanctions, another extension of time, or another warning are unlikely to induce participation from Pro Se Plaintiffs, who have remained unreachable despite repeated efforts by both former counsel and Defendants. Dismissal without prejudice would not adequately cure the prejudice to Defendants either. It would deny Defendants meaningful finality and could force them to incur substantial duplicative expense if Pro Se Plaintiffs later attempted to

---

2 If the Court concludes otherwise, Defendants respectfully request that it order Pro Se Plaintiffs to show cause by a date certain why their claims should not be dismissed and warn them that failure to respond will result in dismissal with prejudice.

reassert the same claims. Pro Se Plaintiffs had their chance, with counsel, to prosecute these claims. Having abandoned them, their claims should be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss Pro Se Plaintiffs' Claims with prejudice.

Respectfully submitted,



Maura Kathleen Monaghan
Mark W. Friedman
William H. Taft V
James P. Schaefer
Justin R. Rassi
Lisa Wang Lachowicz
Ardis Strong
Alessandra G. Masciandaro
Andrew H. Rikard
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: 212.909.6000
Email: mkmonaghan@debevoise.com
mwfriedman@debevoise.com
whtaft@debevoise.com
jpschaefer@debevoise.com
jrassi@debevoise.com
lwang@debevoise.com
astrong@debevoise.com
amasciandaro@debevoise.com
ahrikard@debevoise.com

and

Habib Nasrullah
Frederick R. Yarger

Danyaal Waheed
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: nasrullah@wtotrial.com
yarger@wtotrial.com
waheed@wtotrial.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of October 2026 I both (*i*) electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record; and (*ii*) caused a hard copy of this Motion and the accompanying Movant's Appendix to be served via Federal Express to the address for each Pro Se Plaintiff as set forth in the September 1, 2026 Notice to Court re Contact Information for Plaintiffs (Dkt. 107).

Justin R. Rassi
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
T: (212) 909-6000
E: jrassi@debevoise.com

*Counsel for Defendants*